IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARYL JEAN DECKER AND DENNIS DECKER,<br><br>                         Plaintiffs,<br>v.<br><br>TARGET CORPORATION, a Minnesota corporation,<br><br>                       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE REGARDING MEDICAL EXPENSS AND INTERNAL POLICIES**<br><br>Case No. 1:16-cv-00171-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court are two motions in limine filed by defendant Target Corporation ("Target") on September 14, 2018: 1) Motion in Limine Regarding Medical Expenses and 2) Motion in Limine Regarding Internal Policies. Plaintiffs Mr. and Mrs. Decker ("the Deckers") opposed both motions on September 21, 2018. Oral argument was heard at the Final Pretrial Conference and Motions Hearing on October 5, 2018. The court will address each motion in turn.

## I.    Defendant's Motion in Limine Regarding Medical Expenses

Target seeks an order precluding the plaintiffs from offering any evidence regarding "medical expenses that were written off" by their "medical providers" under the theory that plaintiffs may not seek to recover damages for medical expenses that were never actually incurred. Alternatively, if the court concludes that Mrs. Decker's billed medical expenses are admissible, Target seeks permission to introduce evidence of how much was accepted as payment for the medical care she received. The Deckers respond that they are entitled to submit evidence of the amount billed and that allowing Target to introduce evidence of the amounts written off would violate Utah's collateral source rule.

In Utah, "[t]he collateral source rule provides that a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source." *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 37, 96 P.3d 893, 901 (internal citation and quotation marks omitted). Unfortunately, the Utah appellate courts have yet to address the application of the collateral source rule to medical bills that are written off by providers because of discounts negotiated by health insurers. *Amos v. W.L. Plastics, Inc.*, 2010 WL 360772, at *1 (D. Utah 2010). This court must therefore predict how the Utah courts would rule on the issue.

The court begins its analysis by noting that the majority of courts around the nation that have addressed the issue have concluded that the collateral source rule precludes introduction of medical bill write-offs. And in a relatively recent and well-reasoned opinion, another judge of this court predicted "that the Utah Supreme Court would follow the majority rule." *Id.* at * 3.

Under the "majority rule," articulated in *Lopez v. Safeway Stores, Inc.*, 212 Ariz. 198, 206, 129 P.3d 487, 495 (Ct. App. 2006), plaintiffs are entitled to seek "the full amount of reasonable medical expenses charged, based on the reasonable value of medical services rendered, including amounts written off from the bills pursuant to contractual rate reductions." *Id.*

This court agrees with the *Amos* court that the Utah courts would likely adopt the majority rule. In *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 37, the Utah Supreme Court held that the collateral source rule "does not differentiate between the nature of the benefits, so long as they did not come from the defendant or a person acting for him." *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 39, 96 P.3d 893, 901 (quoting Restatement (Second) of Torts § 920A cmt. b (1979)). Because write-offs are a benefit received "pursuant to contractual relationships" between health insurance companies and medical providers, they are presumably a benefit to which the collateral

source rule applies.[1] And allowing Target to introduce evidence of how much was actually accepted as payment for the medical care provided would necessarily inject into the trial the prejudicial issue of insurance coverage—one of the evils that the collateral source rule was designed to remedy. For these reasons, the court concludes that Utah courts would likely follow the majority rule. Defendant's Motion in Limine Regarding Medical Expenses is therefore denied.

## II.    DEFENDANT'S MOTION IN LIMINE REGARDING INTERNAL POLICIES

Target next seeks to preclude the Deckers from introducing evidence of "Target's internal policies and procedures to show a breach of a duty toward plaintiffs," reasoning that "the standard of care owed by Target is defined by law, and not by Target's own internal policies and procedures." The Deckers respond that evidence of Target's internal policies is evidence of whether it exercised due care and that it particularly bears on whether Target should have realized that the cart posed an unreasonable risk of harm to its invitees.

The court grants the motion to exclude evidence of Target's general safety policies but will allow evidence of any policies that specifically address the issue of flatbed carts. And with respect to those specific policies, the court will give a limiting instruction explaining that Target's internal policies on that issue do not establish the legal duty of care owed by Target, but are relevant only to the extent they bear on the issues of whether Target knew or should have known that the flatbed cart presented an unreasonable risk of harm to its customers, that its customers would not discover

---

[1] In reaching its decision, *Lopez* surveyed courts deciding that, "for purposes of the collateral source rule, no rational distinction exists between payments made by an insurance carrier on behalf of an injured plaintiff; a healthcare provider's acceptance of reduced payments from health maintenance organizations (HMOs) and government payors; or a provider's write-off of portions of billed charges to patients pursuant to contractual relationships with HMOs or government payors." *Lopez v. Safeway Stores, Inc.*, 212 Ariz. 198, 206, 129 P.3d 487, 495 (Ct. App. 2006) (internal citations omitted).

or realize the danger, and whether Target used reasonable care to protect its customers from the danger.

Target correctly argues that internal rules and policies do not define the legal duty of a business. "The duty of a business is simply to 'exercise due care and prudence for the safety of business invitees,' and 'that duty cannot be altered by higher standards prescribed by a merchant for his or her employees.'" *Proctor v. Costco Wholesale Corp.,* 2013 UT App 226, ¶ 20, 311 P.3d 564, 572–73 (quoting *Dwiggins v. Morgan Jewelers,* 811 P.2d 182, 183 (Utah 1991) and *Steffensen v. Smith's Mgmt. Corp.,* 862 P.2d 1342, 1345 (Utah 1993)). What is more, just as internal policies do not establish the legal duty, a violation of those policies does not "necessarily establish a breach of duty." *Proctor v. Costco Wholesale Corp.*, 2013 UT App 226, ¶ 20, 311 P.3d 564, 572–73.

Target is also correct that admitting evidence of Target's "poor safety culture" and failure to observe internal policy as it relates to safety in general is fraught with problems. The jury in this case will be asked to determine whether Target was negligent in placing the flatbed cart in the aisle. Whether Target was generally negligent towards its customers or the adequacy of its "safety culture" are not at issue. Similarly, the reasons *why* Target may have been negligent are not at issue. Focusing the jury on Target's general safety practices would only serve to distract the jury from the issue at hand and demonize Target. Moreover, any slight probative value such evidence may have is clearly outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. The court therefore grants Target's motion in limine to exclude evidence of Target's general safety policies and safety culture. It will, however, allow the Deckers to present evidence of any Target policies that specifically address flatbed carts to the extent such policies bear on the issue of whether Target knew or should have known that the flatbed cart presented an unreasonable risk of harm to its customers, that Target knew or should

4

have known that its customers would not discover or realize the danger associated with the flatbed cart and that Target failed to use reasonable care to protect its customers from that danger.

## ORDER

For the reasons above, Target's Motion in Limine Regarding Medical Expenses (ECF No. 44) is **DENIED** and Target's Motion in Limine Regarding Internal Policies (ECF No. 45) is **GRANTED IN PART AND DENIED IN PART.**

Signed October 12, 2018

BY THE COURT

_____

Jill N. Parrish
United States District Court Judge